FILED
United States Court of Appeals
Tenth Circuit

August 13, 2009

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:

UNITED STATES OF AMERICA,

Petitioner.

No. 09-4145
(D.C. No. 2:08-CR-00430-TS)
(D. Utah)

**DISSENT FROM ORDER**

Murphy, J., Circuit Judge, dissenting from order granting petition for writ of mandamus.

A majority of a panel of this court has today, by means of an unpublished order, issued a writ of mandamus in this case, a copy of which is attached to this dissent as an Addendum for purposes of context and reference. I dissent from the majority's unpublished order granting the government's petition for a writ of mandamus. While I would not deny the petition at this time, I would grant the government's pending motion to stay the trial, now scheduled to begin on Monday, August 17, 2009, and order further briefing on the constitutional question. I have no quarrel with the majority's view that the government's petition for a writ of mandamus is timely and that review of the pending appeal in *United States v. Pope*, No. 09-4150, is not a substitute for issuance of a writ in this case.

The right to mandamus relief must be "clear and indisputable," and the burden of proof is on the petitioner. *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1187 (10th Cir. 2009) (quotation omitted). In my view, the government has failed to meet this burden. This court has not yet passed on the constitutionality of 18 U.S.C. § 922(g)(9) in light of *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008). That opinion's recognition of an individual right to bear arms for the defense of self, family, and property, *id.* at 2817-18, raises substantial questions about how 18 U.S.C. § 922(g)(9) may be constitutionally applied. *Heller*'s dictum regarding the validity of "longstanding prohibitions on the possession of firearms by felons or the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions on the commercial sale of arms, " 128 S. Ct. at 2816-17, does not address the question. The defendant is not a felon, there is no suggestion he is mentally ill, he did not possess the firearm in a school or government building, and the sale of the firearm is not at issue. Notably, the charge is not under a longstanding statute prohibiting possession of a firearm. The statute interdicting the possession of a firearm by a person previously convicted of a domestic violence misdemeanor, 18 U.S.C. § 922(g)(9), was enacted in 1996.[1] Our recent opinion in *United States v. McCane*, No. 08-6235,

---

[1]    The majority seems to take comfort from *Heller*'s non-exhaustive recitation of categories of prohibited persons, places, and means. *District of Columbia v.*

(continued...)

2009 WL 2231658 (10th Cir, Jul. 28, 2009), is not on point because the *McCane* court was applying the statute prohibiting felons from possessing firearms, 18 U.S.C. § 922(g)(1), and that court relied entirely upon the dictum from *Heller* regarding possession of firearms by felons. *McCane*, 2009 WL 2231658 at *8. There is simply no authority for the government's assertion that § 922(g)(9) is constitutional in light of *Heller*.

Case law interpreting 18 U.S.C. § 922(g)(9) does make clear that the intent behind the statute was to prevent future acts of violence by individuals deemed dangerous by Congress. *United States v. Hayes*, 129 S. Ct. 1079, 1087 (2009); *United States v. Rogers*, 371 F.3d 1225, 1229 (10th Cir. 2004). Yet Congress is bound by the Second Amendment, and it is not at all clear its finding regarding the dangerousness of domestic violence misdemeanants is constitutionally sufficient to warrant a blanket ban on firearm possession. Indeed, we do not even know the level of scrutiny to be given to this finding. *See Heller*, 128 S. Ct. at 2817 & n.27 (declining to identify the appropriate level of scrutiny to review firearm restrictions, but rejecting rational-basis review). In summary, this case presents novel constitutional questions, and I would prefer further briefing before

[1](...continued)
*Heller*, 128 S. Ct. 2783, 2817 n.26 (2008). This, however, does not catapult the government's mandamus petition into the "clear and indisputable" classification. *Heller* specifically references but two categories of persons, felons and the mentally ill. It also includes only those interdicted by longstanding prohibitions, a category of which 18 U.S.C. § 922(g)(9) is an unlikely member.

deciding them. I express no opinion on whether the district court's approach is correct,[2] but I cannot conclude the government has met its heavy burden of showing that the district court, in light of virtually no guidance from this court or the Supreme Court, is so far afield that the government is clearly entitled to relief.[3]

Undoubtedly, if the defendant were acquitted under the district court's proposed instruction, the government would be unable to obtain appellate review. Our case law is clear, however, that the inability to correct an error on appeal is necessary, but not sufficient, to warrant the extraordinary remedy of mandamus relief. *In re Cooper Tire & Rubber Co.*, 568 F.3d at 1187. I do not agree, furthermore, with the statement in the majority's order that a future panel of this court may "review fully the underlying merits" of the proposed instruction. Maj. Order at 9. The majority order holds, as a matter of law, that the government is

---

[2]    Under the district court's approach, a defendant will not know whether he has a Second Amendment right to carry a firearm until after a jury verdict. Such an approach, however, seems inconsistent with the due process requirement of fair notice. Further briefing following a stay would help to illuminate this matter.

[3]    The majority order criticizes the district court for issuing an order concluding an affirmative defense exists if the defendant can demonstrate he poses no prospective risk of violence. Maj. Order at 7. This characterization ignores the district court's earlier conclusion, in a published opinion, that the statute is subject to strict scrutiny, and that it is sufficiently narrowly tailored if there is a presumption that the defendant poses a prospective risk of violence. *United States v. Engstrum*, 609 F. Supp. 2d 1227, 1231-32, 1235 (D. Utah 2009). This legal analysis supports the district court's later ruling that the defendant may prove to the jury that, as a matter of fact, he does not pose a prospective risk of violence.

clearly and indisputably entitled to prosecute individuals under 18 U.S.C. § 922(g)(9) without the jury being instructed on an affirmative defense of a lack of prospective dangerousness.  The majority's legal determination is, at a minimum, binding under the law of the case doctrine with respect to the defendant's right to an affirmative defense instruction.  *See Kennedy v. Lubar*, 273 F.3d 1293, 1299 (10th Cir. 2001) (stating law of the case doctrine applies to mandamus decisions actually deciding issues on the merits).

I would grant a stay of the proceedings below and order further briefing on the constitutional question.

FILED
United States Court of Appeals
Tenth Circuit

August 13, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

In re:

UNITED STATES OF AMERICA,

Petitioner.

No. 09-4145
(D.C. No. 2:08-CR-00430-TS)
(D. Utah)

---

**ORDER**

---

Before **KELLY**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

Petitioner United States of America has filed a petition for a writ of mandamus seeking an order from this court preventing the district court from instructing the jury that defendant, Rick Engstrum, may not be deprived of his Second Amendment right to bear arms under 18 U.S.C. § 922(g)(9), if he can show by a preponderance of the evidence that he does not pose a prospective risk of violence. For the following reasons, we grant the writ, and direct the district court not to instruct the jury on this Second Amendment defense, including not giving the proposed jury instruction.

Background

Defendant initially filed a motion to dismiss the one-count indictment charging him with violating 18 U.S.C. § 922(g)(9), which prohibits persons with misdemeanor convictions for domestic violence from possessing firearms. He

argued that § 922(g)(9) was unconstitutional as applied to him because it impermissibly burdened his Second Amendment right to possess a firearm in his home for self-defense and protection of his home.  This argument was based on the Supreme Court's recent decision in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008).  Defendant did not make a facial challenge to § 922(g)(9).

In considering the motion to dismiss the indictment, the district court began by conducting a strict scrutiny analysis of § 922(g)(9).  The court noted that the "Supreme Court has stated that the  purpose of § 922(g)(9) is to keep firearms out of the hands of those who are 'presumptively risky.'" *United States v. Engstrum*, 609 F. Supp. 2d 1227, 1233 (D. Utah 2009) (quoting *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 112 n.6 (1983)).  Concluding that the Black's Law Dictionary definition of "risk" indicates a "prospective view," the district court found that the compelling interest being furthered by the statute is "the protection of domestic partners and children from firearms violence by keeping firearms out of the hands of those who *pose a prospective risk of violence*." *Id*. (emphasis added).  The district court then determined that

> Congress and the Tenth Circuit have sufficiently narrowed the scope
> of § 922(g)(9)'s deprivation of Second Amendment rights, so that it
> may be presumed that those included within the scope of § 922(g)(9)
> pose a prospective risk of violence to an intimate partner or child.
> The Court therefore finds that § 922(g)(9) is narrowly tailored, and
> therefore, presumptively lawful.

*Id*. at 1235.

The district court next considered the defendant's as-applied challenge that he was entitled to an exception to the statute for home defense. The district court determined that no such exception was constitutionally required under the facts of this case. *Id*. The court concluded its order with the following statement:

> While it is troubling to the Court that § 922(g)(9) may be used to deprive otherwise law abiding citizens, who pose no prospective risk of violence, of their Second Amendment rights as a result of a single past transgression, the Court cannot say, as a matter of law, that Defendant poses no prospective risk of violence, and that he is constitutionally entitled to an exception to § 922(g)(9).

*Id*. The district court then denied defendant's motion to dismiss the indictment.

Based on the district court's use of the "no prospective risk of violence" language in its order denying the motion to dismiss the indictment, the defendant filed a motion requesting a proposed jury instruction that would require the government to prove, in addition to the statutory factors in § 922(g)(9), that defendant posed no prospective risk of violence. The government filed an opposition brief to the proposed instruction, arguing that the proposed instruction represented an incorrect statement of the law because (1) the government should not bear the burden of proving an element that is not in the statute, and (2) the proposed instruction was inconsistent with the district court's earlier order denying the motion to dismiss the indictment and the Supreme Court's decision in *Heller*.

The district court granted the defendant's request for the proposed instruction in part, concluding that defendant was entitled to raise the issue as an affirmative defense, if he proved by a preponderance of evidence that he does not pose a prospective risk of violence.[1] The district court invited briefs on (1) the wording of the new proposed instruction, and (2) the burden of persuasion articulated in the proposed instruction. The government objected to the

---

[1]    The proposed jury instruction provides:

> The Second Amendment to the United States Constitution guarantees the fundamental right of individuals to keep and bear arms. That right may only be infringed when the restriction is narrowly tailored to meet a compelling government interest. You are instructed that 18 U.S.C. § 922(g)(9), the crime for which Defendant is charged, is, as a matter of law, a lawful and constitutional restriction of the Second Amendment rights of those who pose a prospective, or future, risk of violence.

> If you find that the government has proved beyond a reasonable doubt the elements of the charge against him . . . you are instructed that Defendant is presumed to pose a prospective risk of violence. However, Defendant is entitled to offer evidence to rebut that presumption and show that he did not pose a prospective risk of violence.

> Therefore, if you find that the Defendant did not pose a prospective risk of violence, he may not be deprived of his Second Amendment rights, and you must find him not guilty.

> However, if you find that the government has proved beyond a reasonable doubt the elements of the charge against him, and that the Defendant has not proved, by a preponderance of the evidence, that he posed no prospective risk of violence, you must find the Defendant guilty.

Pet. Add. at 99.

-4-

instruction in its entirety, asserting "that the instruction creates an affirmative defense that has no basis in the statute, under common law, or in the Supreme Court's holding in *Heller*." Pet. Add. at 101. The defendant submitted a brief arguing again for the government to bear the burden of proof. On July 16, the district court reaffirmed, without any changes, its earlier order on the proposed jury instruction. On July 22, the government filed a motion for a stay of trial in the district court pending this court's consideration of a petition for a writ of mandamus that it was preparing to file. The government filed its petition in this court on July 23, and we ordered defendant to file a response to the petition. The district court denied the request for a stay of the August 17 trial setting, and the government then moved in this court for a stay.

## Discussion

We first address defendant's argument that the government is not entitled to mandamus relief because the filing of its mandamus petition was unduly delayed and the government failed to raise any substantive argument on the proposed jury instruction in the district court. We disagree. The government has maintained throughout the proceedings in the district court that a proposed jury instruction on the affirmative defense was not warranted, and we find there was no undue delay in the filing of its mandamus petition. Next, we address defendant's argument that mandamus relief is not justified in this case because this court will have the opportunity to review the propriety of a proposed jury instruction with a Second

-5-

Amendment defense in another case that is before this court on direct appeal, *see United States v. Pope*, No. 08-cr-00303-DS (D. Utah July 22, 2009), *appeal docketed*, No. 09-4150 (10th Cir. July 30, 2009). This argument is unpersuasive because the instruction in that case does not include the same language as the instruction in this case, and it does not address the problem that, if the proposed instruction is given in this case and the defendant is acquitted, the government will not be able to appeal from that acquittal.

Standard of Review

"[A] writ of mandamus is a drastic remedy, and is to be invoked only in extraordinary circumstances." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009) (quotations omitted). "Three conditions must be met before a writ of mandamus may issue": (1) "the party seeking issuance of the writ must have no other adequate means to attain the relief he desires"; (2) "the petitioner must demonstrate that his right to the writ is clear and indisputable"; and (3) "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id*. at 1187 (quotations omitted).

Analysis

On the first condition, mandamus is an appropriate means for the government to seek relief in a criminal case when the district court has adopted a

jury instruction in advance of trial that "clearly violate[s] the law, risk[s] prejudicing the Government at trial with jeopardy attached, and provide[s] the Government no other avenue of appeal." *In re United States*, 397 F.3d 274, 283 (5th Cir. 2005); *see, e.g., United States v. Wexler*, 31 F.3d 117, 118 (3d Cir. 1994). The government must seek relief through mandamus because, regardless of whether the instruction is ultimately given, it will significantly influence how the case is tried. Moreover, if the instruction is given and the defendant is acquitted, the government may not file an interlocutory appeal from a jury instruction that errs in favor of the defense, *see* 18 U.S.C. § 3731; *United States v. McVeigh*, 106 F.3d 325, 330 (10th Cir. 1997) (per curiam), and double-jeopardy principles would preclude it from appealing the instruction, *see United States v. Martin Linen Supply Co.*, 430 U.S. 564, 575 (1977).

On the second condition, the government has met its burden of showing a clear and indisputable right to the writ because the district court's order offers no support for its conclusion that an affirmative defense exists based upon "no prospective risk of violence," and the instruction invites the jury to second-guess the congressional classification inherent in § 922(g)(9). In *Heller*, the Court stated,

> Like most rights, the right secured by the Second Amendment is not unlimited. . . . Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally

ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

*Heller*, 128 S. Ct. at 2816-17. The Court further noted that "these presumptively lawful regulatory measures" served only as examples and did not constitute an exhaustive list. *Id.* at 2817 n.26. Notably, felons and the mentally ill are the first and fourth entries on the list of persons excluded from firearm possession by § 922(g), and in between come fugitives from justice and unlawful drug users. 18 U.S.C. § 922(g)(1)-(4). Nothing suggests that the *Heller* dictum, which we must follow, is not inclusive of § 922(g)(9) involving those convicted of misdemeanor domestic *violence*.

We have already rejected the notion that *Heller* mandates an individualized inquiry concerning felons pursuant to § 922(g)(1). *United States v. McCane*, No. 08-6235, 2009 WL 2231658, at *8 (10th Cir. July 28, 2009). Furthermore, we have rejected, albeit in a slightly different context, the idea that § 922(g)(9) allows for individual assessments of the risk of violence. *See United States v. Rogers*, 371 F.3d 1225, 1228-29 (10th Cir. 2004). Instead, relying upon the definition of "misdemeanor crime of domestic violence" in 18 U.S.C. § 921(a)(33)(A), we concluded that "[a] defendant whose background includes domestic violence which advances to . . . a criminal conviction . . . has a demonstrated propensity for the use of physical violence against others." *Rogers*,

-8-

371 F.3d at 1228-29; *see also United States v. Hayes*, 129 S. Ct. 1079, 1087 (2009) (discussing congressional purpose in enacting statute).

On the third condition, the writ is appropriate under these circumstances because of the novel nature of the proposed instruction. *See Cooper Tire & Rubber Co.*, 568 F.3d at 1187 (whether the "writ is appropriate under the circumstances" may depend on "whether the [challenged] order raises new and important problems or issues of law" (quotation omitted)). In addition, the writ is appropriate because the government cannot appeal if the proposed jury instruction is given at trial and the defendant is acquitted. In contrast, if the case proceeds to trial without the jury instruction and the defendant is ultimately convicted, he may appeal the failure to give the instruction, *see, e.g.*, *United States v. Pabon-Cruz*, 391 F.3d 86, 94 (2d Cir. 2004) (considering on appeal the denial of a proposed jury instruction that resulted from a writ of mandamus by the court of appeals), which will then give this court the opportunity to review fully the underlying merits of the proposed instruction on direct appeal.

Accordingly, the petition for a writ of mandamus is GRANTED. If the case proceeds to trial, the district court is directed not to instruct the jury on this Second Amendment defense, including not giving the proposed jury instruction.

The government's motion for a stay of trial is DENIED as moot.

Judge Murphy has filed a separate published dissent.

Entered for the Court,

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk