Argued and submitted June 7, decision of the Court of Appeals reversed, judgment of
circuit court reversed and case remanded to circuit court for resentencing
August 2, 1988

# STATE OF OREGON,
*Respondent on Review,*

*v.*

# PAUL LAWRENCE LEFTHANDBULL,
*Petitioner on Review.*

## (TC 10-87-01059; CA A44271; SC S35005)

758 P2d 343

Ingrid A. MacFarlane, Deputy Public Defender, Salem, argued the cause for petitioner on review. With her on the petition was Gary D. Babcock, Public Defender, Salem.

Brenda Peterson, Assistant Attorney General, Salem, argued the cause for respondent on review.

LINDE, J.

## LINDE, J.

After pleading guilty to an attempt to manufacture a controlled substance, ORS 475.992(1)(b), defendant was ordered to pay restitution totaling $6,544.46 to the owner of a house in which methamphetamine was made and to an insurance company, and $50 to a victim's assistance fund. He appealed that part of the sentence ordering restitution for damage to the house on grounds that the acts of which he was convicted did not cause the damage. The Court of Appeals affirmed the sentence without opinion, 89 Or App 570, 749 P2d 1237. We reverse the judgment and remand the case to the circuit court for resentencing.

ORS 137.106(1) authorizes a sentence to include an order of restitution to victims when a defendant "is convicted of criminal activities which have resulted in pecuniary damages." ORS 137.103(1) defines "criminal activities" to include "any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant." The restitution ordered in this case therefore depends on a showing that the pecuniary harm to the owners of the house resulted from defendant's attempt to manufacture methamphetamine or from other criminal conduct that he may have admitted.

The house in question was rented to and occupied by Sarah Henry, not by defendant. Henry admitted to manufacturing methamphetamine in the house. The pecuniary harm to the lessor and to the insurance company resulted from the manufacturing process. If defendant participated in that process, he might have been convicted of unlawfully manufacturing a controlled substance,[1] but although he was indicted on that charge, he was convicted only of an attempt. A bungled attempt to commit a crime, of course, can cause real harm,

---

[1] ORS 161.155 provides:

"A person is criminally liable for the conduct of another person constituting a crime if:

"* * * * *

"(2) With the intent to promote or facilitate the commission of the crime the person:

"* * * * *

"(b) Aids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime * * *."

sometimes more than successful commission of the crime would have caused, but a person convicted of an attempt cannot be charged restitution as if he had been convicted of the completed crime unless the acts he admits or is proved to have committed caused the damage. *Cf. State v. Eastman/Kovach*, 292 Or 184, 189-90, 637 P2d 609 (1981) (conviction of unlawfully leaving the scene of an accident does not support restitution for damages resulting from the accident).

Because defendant pleaded guilty to the attempt, in this case no particular acts were proved at a trial. Nor did he admit any specific acts at the plea proceeding or the sentencing hearing. The record of the plea proceeding is brief. The trial judge asked defendant whether he understood that the charge carried a potential maximum sentence of five years in the penitentiary and a $100,000 fine. The judge did not mention restitution. The judge also asked the defendant whether he understood that by pleading guilty, he would give up his constitutional trial rights. The defendant answered that he understood, and he pleaded guilty. The judge then asked: "And is it true that, on or about the 21st of December, 1986, in Lane County, that you knowingly attempted to manufacture the controlled substance methamphetamine?" Defendant answered: "Yes, I did." There were no further questions.

The sentencing hearing focused on the issue of restitution. The owner of the house testified to extensive damage done by the methamphetamine operations in the house and the financial losses caused thereby. Defendant testified briefly to his limited employment history. Counsel referred to the presentence investigation report, but defendant was not asked about its contents.

The presentence report summarized the events that led to defendant's arrest and subsequent conviction. A neighbor called the Eugene Police Department to report a man crawling into the house through a window. When the officers arrived, they heard a crash and observed a hand on the edge of an open door. When they knocked on the door, it was pushed closed, but the officers gained entry. Sarah Henry and another woman were in the residence with defendant. Defendant claimed to be at the house to fix the door and to know nothing about methamphetamine. Henry backed up his denials. Defendant was arrested on warrants outstanding against him,

and packets of methamphetamine subsequently were found in his clothing. His fingerprints were found on Pyrex dishes and other equipment that was used in making methamphetamine.

As already stated, no questions about what defendant actually did were asked or answered either at the plea proceeding or at the sentencing hearing. At the end of the sentencing hearing, the trial judge explained why he decided that defendant should be incarcerated rather than placed on probation. On the question of restitution, the judge clearly held defendant responsible for the effects of the completed crime, the actual manufacture of methamphetamine. The judge said:

> "With respect to restitution, normally we have restitution where a victim suffers financial consequences because of a direct act of the defendant, usually damages to property or causes physical injury.
>
> "But I see that in this case the difference is — there's no difference between this and an incident of criminal mischief or burglary or whatever, if you stole somebody's car and got charged with unlawful use of a motor vehicle and wrecked the car, you'd pay for the car because that damage would have occurred as a result of your crime.
>
> "In this case, you used somebody else's property for your illegal activities, the manufacture of methamphetamines, and the result is that that property has substantially decreased in value."

Defendant, however, was not convicted of "the manufacture of methamphetamines." The record does not show what acts of defendant's constituted the attempt to which he pleaded guilty or how his acts "resulted in pecuniary damages," as the restitution statute requires. The prosecutor or the court should have placed on record any evidence relied on to show that acts of defendant caused harm to the house, so that defendant might have the opportunity to contest the causation issue. *Cf. State v. Tuma,* 292 Or 194, 637 P2d 614 (1981) (resentencing required where evidence is lacking on an element of restitution).

Accordingly, the decision of the Court of Appeals and the judgment of the circuit court are reversed, and the case is remanded to the circuit court for resentencing after such further hearing as the court deems necessary.