Argued and submitted August 23, affirmed October 25, 1989

## STATE OF OREGON,
*Respondent,*

*v.*

## MARK ALLEN PANTHER,
*Appellant.*

(10-88-02450; CA A49512)

781 P2d 407

Robert J. Smith, Eugene, argued the cause and filed the brief for appellant.

Yuan Xing Chen, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Ann Kelley, Assistant Attorney General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Defendant appeals his convictions for theft in the first degree and on two counts of unlawful possession of a controlled substance. ORS 164.055; ORS 475.992. He challenges only the condition of probation requiring that he pay $9,500 in restitution to the victim, arguing that the court erred in setting the amount that high.[1] We affirm.

Defendant, a pharmacist, pled guilty to the charges. In his petition for probation, defendant stated that he "is willing to pay restitution in whatever amount the court sets." When arrested, he estimated that he had taken between $5,000 and $6,000 worth of drugs from his employer, Safeway, and that he had taken between 4,000 and 5,000 pills of Percodan and Percocet alone. Later in the same interview he revised his estimate to between $7,000 and $8,000 worth of drugs taken. Before the restitution hearing, he had reduced his estimate to $4,186, relying in part on an inventory of Schedule II controlled substances conducted by the State Board of Pharmacy after his arrest.[2]

■ Defendant argues that his evidence was the only competent evidence offered and that the court erred in not accepting his figure. In particular, he contends that Safeway's estimated loss for the items not on Schedule II is too high, because it includes both non-controlled drugs and non-drug items, for which he did not agree to pay restitution in the plea agreement.

Safeway presented evidence estimating its total loss at $12,700. At the hearing, the Safeway pharmacy coordinator testified that the loss figure for items not covered in the State Board of Pharmacy's Schedule II inventory was a broad estimate and could be off by 5 to 10 percent. He stated that to perform an item by item inventory for the year and a half involved would be time consuming and costly.

---

[1] Defendant does not claim that he is unable to pay the amount established by the court; he challenges only the court's method of establishing the amount.

[2] He based that amount on a combination of an inventory of Schedule II controlled substances conducted by the Board of Pharmacy, multiplied by his recollection of the price that Safeway paid for each of those drugs. To that figure he added his own estimate of the amount and the value of the Schedule III through Schedule V drugs that he recalled taking over the year and a half period involved in the thefts.

The court concluded that, although the information it had was incomplete and not thoroughly substantiated, defendant had stolen considerably more than the $4,186 worth of drugs that he acknowledged. It also concluded that the figure was less than the $12,700 Safeway claimed.

The court's decision to set the amount of restitution between the two loss figures that the parties submitted was reasonable under the circumstances. The court knew, for example, that defendant had admitted taking far more Percodan and Percocet tablets than the State Board inventory indicated were missing. It also knew that he had changed his own estimate of the value of the drugs that he had taken several times. Contrary to defendant's assertions, the court had no reason to accept his estimate as the most accurate evidence of the loss that Safeway sustained.

On the other hand, given the speculative nature of Safeway's estimate of loss, the court reduced that figure by $3,200. Although it is not clear how the court calculated its figure, it did reduce Safeway's estimate by more than 25 percent. The court did not specify how it computed that reduction. Each party advances a different method that it believes the court used. There is evidence to support the court's restitution figure.

■ ■ Regarding defendant's argument that the Safeway estimate contained non-controlled drugs for which he did not agree to pay, the court would not have erred in ordering restitution for those drugs, if it had included them in its calculation. Defendant, at the hearing, admitted taking non-controlled drugs. The law does not require that a defendant be charged with and convicted of admitted criminal activities before being required to pay restitution. ORS 137.103(1); *State v. Lefthandbull,* 306 Or 330, 758 P2d 343 (1988). Once defendant admitted taking any non-controlled drugs, it was within the court's discretion to determine the amount taken and the appropriate amount of restitution.

Affirmed.