No. 74 November 25, 2016 629

IN THE SUPREME COURT OF THE
STATE OF OREGON

STATE OF OREGON,
*Petitioner on Review,*

*v.*

SCOTT B. GERHARDT,
*Respondent on Review.*

(CC 12P3329; CA A152760; SC S063612)

On review from the Court of Appeals.*

Argued and submitted September 20, 2016.

Keith L. Kutler, Assistant Attorney General, Salem, argued the cause and filed the brief for petitioner on review. Also on the brief were Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Cecil A. Reniche-Smith, Senior Assistant Attorney General.

Morgen E. Daniels, Deputy Public Defender, Salem, argued the cause and filed the brief for respondent on review. Also on the brief was Ernest G. Lannet, Chief Defender.

Erin K. Olson, Law Office of Erin K. Olson, P.C., Portland, filed the brief for *amici curiae* S.G. (crime victim), National Crime Victim Law Institute, and Oregon Crime Victims Law Center. Also on the brief were Margaret Garvin, Portland, and Rosemary W. Brewer, Portland.

Before, Balmer, Chief Justice, and Kistler, Walters, Landau, Baldwin, and Brewer, Justices, and Shorr, Justice pro tempore.**

LANDAU, J.

The decision of the Court of Appeals is reversed. The restitution order of the trial court is affirmed.

_____

* Appeal from Polk County Circuit Court, Monte S. Campbell, Judge. 273 Or App 592, 359 P3d 519 (2015).

** Nakamoto, J., did not participate in the consideration or decision of this case.

## LANDAU, J.

Defendant was convicted of strangling his wife. At sentencing, the trial court awarded the victim restitution for attorney fees that she incurred to enforce a no-contact order that the court had previously entered while defendant was in jail as well as to obtain a permanent protective order. The issue in this case is whether those attorney fees may be awarded as restitution under ORS 137.106(1)(a), which authorizes restitution when a person is convicted of a crime "that has resulted in economic damages." The Court of Appeals concluded that they may not be awarded and reversed. *State v. Gerhardt*, 273 Or App 592, 359 P3d 519 (2015). We conclude that, because defendant concedes that the attorney fees were caused by his conduct and were a reasonably foreseeable result of that conduct, the trial court did not err in awarding restitution for those fees. We therefore reverse the Court of Appeals.

The relevant facts are not in dispute. Defendant was arrested and charged for strangling his wife. The trial court entered a no-contact order under ORS 135.247(2), which provides that, when a defendant is charged with a crime that constitutes domestic violence, the court must "enter an order prohibiting the defendant from contacting or attempting to contact the victim, either directly or through a third party, while the defendant is in custody."

While in jail, defendant repeatedly violated the no-contact order. The victim hired an attorney to help her enforce the no-contact order and to obtain a permanent protective order under the Family Abuse Prevention Act, ORS 107.700 to 107.735, incurring expenses of $1,880.

Defendant ultimately pleaded guilty to the strangulation charge, and the trial court ordered him to pay restitution in the amount of $1,880 for the victim's attorney's fees. Defendant objected to an award of restitution. He argued that attorney fees of any sort are not the type of damages that are contemplated under the statute authorizing an award of restitution. Defendant reasoned that ORS 137.106(1)(a) authorizes restitution for "economic damages," which the relevant statutes provide has the meaning given in ORS 31.710(2)(a). That statute, in turn, defines "economic

damages" as "objectively verifiable monetary losses," including charges necessarily incurred for a number of specified services. Defendant argued that, because legal services are not among the list of services that qualify, attorney fees are not economic damages for which restitution is available under ORS 137.106(1)(a). The trial court rejected defendant's argument and awarded restitution in the amount of $1,880.

Defendant appealed, arguing that the trial court erred in awarding restitution. He offered two arguments in support. First, he reprised his contention that attorney fees are "not the type of damages" that may be recovered under the statutes. Second, he argued that, even if attorney fees are the type of damages that may be the subject of a restitution award, the particular attorney fees incurred in this case were not, because they were not incurred as a "result" of the criminal charge of strangulation. Rather, defendant argued, the victim's attorney fees were incurred as a result of defendant's violation of the no-contact order.

The state argued that, although defendant had preserved his contention that attorney fees are not the sort of damages for which restitution may be ordered, he did not preserve his alternate contention that, even if attorney fees may sometimes be awarded, they could not be in this case because of an absence of a causal relationship between his crime and the fees incurred. In any event, the state argued, the fees were incurred as a result of defendant's conduct in strangling the victim.

The Court of Appeals agreed with defendant's argument concerning the causal relationship between a crime and economic damages that may be awarded as restitution. The court concluded that, although defendant's conduct in strangling the victim "was a necessary predicate" for the necessity of hiring an attorney, it "was not sufficient to cause the victim to incur the attorney fees." *Gerhardt*, 273 Or App at 595. In the court's view, "it was defendant's conduct *after* he committed the crime that led the victim to conclude that she needed to hire an attorney," not the crime itself. *Id.* (emphasis in original). The court did not address the state's contention that defendant had not preserved that argument;

nor did it address defendant's argument that attorney fees are categorically excluded as "economic damages" under the restitution statute. Its decision did prompt a dissent, though, which took issue with the majority's decision to require a "sufficient" cause in excess of "but for" causation to justify an award of restitution. *Id.* at 600-04 (Flynn, J., dissenting).

The state sought review. In the meantime, this court decided *State v. Ramos*, 358 Or 581, 588, 358 P3d 446 (2016). In that case, the court rejected the argument that attorney fees are categorically excluded from restitution awards. *Id.* at 602. It further held that, under ORS 137.106, whether a crime "result[s] in" economic damage is a function of two considerations. First, there must be factual causation. *Ramos*, 358 Or at 593. Factual causation is established if the economic damages would not have occurred but for the defendant's crime. *Id.* at 593 n 6. The court noted the possibility that a different type of causation—"substantial factor" causation—might apply, but the court reserved that question for another day, given the nature of the parties' arguments in that case. *Id.* at 586 n 3. Second, any economic damages awarded as restitution under ORS 137.106 must have been a reasonably foreseeable consequence of the defendant's crime. *Id.* at 603-04. The court rejected the contention that the test should be more demanding than reasonable foreseeability and that, instead, the court should require that economic damages be "direct." *Id.* at 597.

Following this court's decision in *Ramos*, the parties in this case submitted briefs and arguments in light of the principles set out in that opinion. For its part, the state argues that the disposition of this case is straightforward. There is no dispute that, but for defendant's act of strangling the victim, the attorney fees would not have been incurred, and it is equally undisputed that the incurring of those fees was a reasonably foreseeable consequence of his crime. Under *Ramos*, the state concludes, the award of restitution was proper.

Defendant does not contest that the attorney fees were incurred, at least in a but-for sense, as a result of his crime. Nor does he contend that, as a matter of law, the fees were not a reasonably foreseeable consequence of that crime.

Instead, defendant argues that the court should interpret ORS 137.106 to require more than but-for causation. As defendant sees it, *Ramos* "left open" the type of causation that the statute contemplates. Defendant proposes that the court address the issue in this case and conclude that restitution is appropriate only if his crime is "sufficient in itself to cause the victim's damages," that is, only if no other causal factor may contribute to the damages. In this case, defendant argues, his crime of strangling the victim was not the sole cause of her attorney fees; rather, it was his subsequent conduct of violating the no-contact order that caused, at least in part, the victim to incur the fees.

Defendant further argues that, if the court rejects his sole-cause proposal, it should adopt as an alternative requirement that the state must prove that, "in addition to being a 'but-for' cause of the damages, the criminal conduct was a substantial factor in bringing about the victim's harm." Defendant, however, uses the term "substantial factor" to suggest what he calls a "'but-for'-plus" test. As defendant uses the term, "substantial factor" causation would require that, when a crime is one of multiple causes of economic damages, that crime must be a relatively more significant component in the series of causal events. In this case, he argues, although his crime may have been a but-for cause of the victim's attorney fees, the more significant link in the chain of causation was his subsequent conduct in violating the no-contact order.

At the outset, we are confronted by a problem of preservation. *State v. Wyatt*, 331 Or 335, 346-47, 15 P3d 22 (2000) (appellate courts always have obligation to address preservation). In this case, none of the arguments that defendant asserts to us were asserted to the trial court. As we have noted, the sole argument that defendant offered to the trial court was that attorney fees of any sort categorically are not the type of economic damages that may be the subject of a restitution award. He made no mention of causation or foreseeability. Had defendant raised those matters, the state might have made a different record, which could have obviated the need for any appeal. Only in the most general sense did defendant put in issue whether the attorney fees

in this case were a "result" of his criminal conduct within the meaning of ORS 137.106.

But we need not determine whether that was sufficient to preserve his claim, however. Even assuming that it was, defendant's concessions foreclose the relief he seeks.

As we have explained, under *Ramos*, whether a crime has "resulted in" economic damages under ORS 137.106 is a function of two considerations, namely, causation and foreseeability. We begin with causation. Causation is satisfied if the crime is a but-for cause of the economic damages. *Ramos*, 358 Or at 593. And defendant has conceded that his criminal act was a but-for cause of the victim's attorney fees. To the extent that defendant argues for a standard requiring a more direct causal connection, we rejected that argument in *Ramos*. *Id*. at 597.

Defendant's argument that we should employ a "substantial factor" test likewise is unavailing. As we understand it, defendant uses the term "substantial factor" in a way that is foreign to the ordinary use of the term and to the manner in which we referred to it in *Ramos*. When we use the term "substantial factor" in the causation context, it refers to cases in which "the negligence of multiple tortfeasors combines to produce harm," and each tortfeasor may be liable as a factual cause of the injury. *Lasley v. Combined Transport, Inc.*, 351 Or 1, 6, 261 P3d 1215 (2011). Defendant uses the term in a different sense, one that involves weighing the relative role of different causes in a chain of events and evaluating the extent to which the existence of the other causes attenuates the connection between an initial crime and resulting economic damages. As shown by our discussion of the issue in *Ramos*, that is not a problem of causation; rather, it is addressed in the consideration of the foreseeability of the damages. 358 Or at 597-99.

We turn, then, to foreseeability. Foreseeability ordinarily poses a question of fact. *See Piazza v. Kellim*, 360 Or 58, 69-70, 377 P3d 492 (2016) ("The concept of foreseeability embodies a prospective judgment about a course of events; it 'therefore ordinarily depends on the facts of a concrete situation' and, if disputed, is a jury question." (Quoting *Fazzolari*

*v. Portland School Dist. No. 1J*, 303 Or 1, 4, 734 P2d 1326 (1987).)). In this case, as we have noted, defendant does not argue that, on the record before it, the trial court could not find that the victim's attorney fees were a foreseeable consequence of his crime. In light of the concession, we need not address further that component of the analysis.

In short, *Ramos* holds that restitution may be awarded under ORS 137.106 if defendant's crime was a factual cause of the victim's economic damages and those damages were the reasonably foreseeable consequence of the crime. In this case, defendant concedes that his crime was a but-for cause of the victim's attorney fees and that those fees were a reasonably foreseeable consequence of that crime. Consequently, the trial court did not err in awarding restitution, and the Court of Appeals erred in holding to the contrary.

The decision of the Court of Appeals is reversed. The restitution order of the trial court is affirmed.