GARRETT, J.
*195 Defendant appeals an amended general judgment of conviction for harassment, ORS 166.065.[1] We reject without discussion defendant's first assignment of error and write to address his second assignment, which challenges the trial court's award of restitution. For the reasons explained below, we affirm.
When reviewing a trial court's award of restitution, we view the evidence in the light most favorable to the state, State v. Kirkland , 268 Or. App. 420, 421, 342 P.3d 163 (2015), and review a trial court's legal conclusions for errors of law, State v. Jordan , 249 Or. App. 93, 96, 274 P.3d 289, rev. den. , 353 Or. 103, 295 P.3d 50 (2012). We state the facts in accordance with that standard.
Defendant was charged with harassment and fourth-degree assault, ORS 163.160, following an altercation that occurred between defendant and the victim after the victim prevailed in an unrelated civil action against defendant. Following a hearing in that proceeding, the victim returned to work at a car wash that he owned and operated. A short time later, defendant arrived at the car wash and began verbally accosting the victim and making rude gestures at him. At trial, the victim testified that, when he approached defendant's car, defendant spat on him and struck him on the side of his face. The victim *759 further testified that the contact caused his tooth bridge, a device that held one of his teeth in place, to fall out and become damaged.
During closing argument, the state argued that the "offensive physical contact" element of harassment could be established by defendant spitting on the victim, punching the victim, or both. The jury found defendant guilty of harassment but not guilty of assault. The verdict did not specify what conduct formed the basis of the jury's conviction for harassment.
At the restitution hearing, the victim again described defendant's punching him in the face, and the state presented *196 documentary evidence from the victim's dentist that the cost of repairing the tooth bridge was $2,280. Defendant objected to the state's request for restitution, arguing that the court could not impose restitution because the jury had not concurred on the specific conduct that established the "offensive physical contact" element of harassment. Additionally, defendant pointed to the fact that he had been found guilty of harassment, which does not require physical injury, and not guilty of assault, which does require physical injury. From that, defendant reasoned that the jury might have convicted him based solely on spitting, which could not have caused the victim's damages. The trial court rejected defendant's arguments and found:
"[I]n this case it's entirely possible the jury acquitted on the Assault 4 because they didn't find physical injury in this case because of the lack of pain and the fact that what was damaged was this bridge, not his actual mouth or anything like that.
"[A]s far as the spitting, it wasn't differentiated; that wasn't the argument, that they were two separate things. It was just offensive physical contact, and there was strong evidence in the form of the eyewitnesses that-that [defendant] actually hit [the victim]. The jury also could have not believed that it was done with a mental state, who knows?
"But in any event * * * the physical injury isn't the issue here; it's whether the damage to the bridge was proximately caused by the criminal activity, and I'm going to find that it was. It was damaged when he hit him. * * * [T]hat was the offensive physical contact. [The victim] could sue [defendant] for that civilly and that's a test for restitution, so I'm going to order it."
On appeal, defendant renews his argument that the trial court erred in imposing restitution where it was unclear what conduct established the conviction for harassment.
To impose restitution under ORS 137.106(1), the state must prove "(1) criminal activities, (2) economic damages, and (3) a causal relationship between the two." Kirkland , 268 Or. App. at 424, 342 P.3d 163 (internal brackets and footnote omitted). The proper measure of restitution is that amount "equal to the full amount of a victim's 'economic damages' that 'result *197 from' the defendant's criminal activity." State v. Ramos , 358 Or. 581, 587, 368 P.3d 446 (2016). ORS 137.103(1) defines "criminal activities" as "any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant." To prove that a victim's economic damages "result from" a defendant's criminal activities, the state must establish both factual causation and that the economic damages were a reasonably foreseeable consequence of the defendant's criminal activities. State v. Gerhardt , 360 Or. 629, 633, 385 P.3d 1049 (2016). To establish factual causation, the state must show that, but for the defendant's conduct, the victim would not have suffered economic damages. Id. at 635, 385 P.3d 1049. The test for reasonable foreseeability is "whether a reasonable person in the defendant's position would have foreseen that someone in the victim's position could reasonably incur damages of the same general kind that the victim incurred." Ramos , 358 Or. at 597, 368 P.3d 446.
Although a trial court cannot impose restitution for "damages arising out of criminal activity for which [a defendant] was not convicted or which [a defendant] did not admit having committed," State v. Seggerman , 167 Or. App. 140, 145, 3 P.3d 168 (2000), the court, "[i]n determining whether a defendant has engaged in 'criminal activity' that resulted in a victim's [economic] damage, *760 * * * may consider any evidence that it ordinarily would at a sentencing hearing," State v. Sigman , 141 Or. App. 479, 483, 919 P.2d 45 (1996). Further, ORS 137.106(1)(a) requires that the state "investigate and present to the court, at the time of sentencing or within 90 days after entry of the judgment, evidence of the nature and amount of the damages ." (Emphasis added). Thus, a trial court is not limited to evidence presented at trial.
In this case, the state presented ample evidence that defendant struck the victim in the mouth and that the victim suffered $2,280 in damages. We do not understand defendant to argue that the victim's damages are not a reasonably foreseeable result of being struck in the mouth. Rather, we understand defendant to argue that the causal nexus is defeated because it cannot be ascertained from the jury's verdict that the jury necessarily believed that defendant hit the victim, as opposed to merely spitting on him.
*198 Defendant relies on the principle that a trial court, in imposing restitution, may not engage in fact-finding that enlarges the scope of a defendant's criminal activities beyond what the defendant was convicted of or admitted to. See, e.g. , Kirkland , 268 Or. App. at 425, 342 P.3d 163 (noting this "absolute limit" on a trial court's restitution authority). Thus, for example, where a defendant pleaded guilty to stealing money over the course of approximately two weeks, the trial court erred by imposing restitution based on money that was reported missing over a period of 85 days. State v. Dorsey , 259 Or. App. 441, 442, 314 P.3d 331 (2013). In this case, however, the scope of defendant's criminal activity, for purposes of the restitution award, was determined when the jury convicted him of engaging in "offensive physical contact," based on evidence that included his spitting at and punching the victim. The trial court did not expand on that scope in imposing restitution; rather, the trial court made findings regarding the victim's damages and their causal relationship to the evidence of defendant's conduct that was in the record.[2]
Affirmed.

ORS 166.065 provides, in relevant part: "(1) A person commits the crime of harassment if the person intentionally: (a) Harasses or annoys another person by: (A) Subjecting such other person to offensive physical contact."

It would be different if the jury's verdict was logically inconsistent with the determination that defendant punched the victim. That is, if the record clearly established that the jury had convicted defendant of harassment based solely on spitting, then an award of restitution based on a punch to the mouth would be unsustainable. Cf. State v. Hazlitt , 77 Or. App. 344, 349, 713 P.2d 617 (1986) (remanding restitution award where it was undisputed that the defendant was convicted of theft based on the sale of a diamond, and where the record failed to establish that a portion of the restitution award was causally linked to the loss of the diamond). Here, however, as the trial court observed, the fact that defendant was acquitted on the assault charge does not mean that the jury determined that no punch occurred. It is possible that the jury determined that the defendant's punch broke the victim's tooth bridge but that the victim did not suffer a physical injury. See ORS 163.160 (defining fourth-degree assault to include physical injury).