Submitted May 29, 2020, affirmed November 24, 2021, petition for review denied February 3, 2022 (369 Or 211)

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# JEREMY RAYE LILE,
*Defendant-Appellant.*

## Curry County Circuit Court
18CR50767; A169674

501 P3d 1079

Defendant was convicted of second-degree criminal mischief, ORS 164.354. He appeals a supplemental judgment ordering him to pay $567 to the victim, J, for damage done to J's car. During trial, defendant did not contest that he kicked J's car, nor did he contest that he caused a scuff mark; rather, he disputed that he caused dents on J's vehicle. Defendant was found guilty and a restitution hearing was scheduled. Defendant's sole argument in the trial court was that, "at the time of closing [arguments,] the State argued to the jury that a scuff mark is enough to convict [defendant]." In defendant's view, because the jury could have found that he caused only the scuff marks, restitution for other damage would be improper. The trial court disagreed and granted restitution in the amount of $567, the amount requested to fix the dents. Relying on *State v. Andrews*, 366 Or 65, 76, 456 P3d 261 (2020)—which states that a court may not make independent factual findings as to the acts underlying a defendant's conviction in determining whether restitution is allowed—the parties on appeal dispute the criminal act for which defendant was convicted. Specifically, defendant asserts that the "gravamen of criminal mischief is causing damage," therefore, the criminal act includes the resulting damage. The state responds that the criminal act was kicking J's car. *Held*: The trial court did not err when it engaged in independent factfinding to determine the causal relationship between defendant's criminal act and the economic damages suffered by the victim, because the jury necessarily found defendant guilty of kicking the car door and, thereby, damaging the car.

Affirmed.

Jesse C. Margolis, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Chief Judge, and Kistler, Senior Judge.

EGAN, C. J.

Affirmed.

**EGAN, C. J.**

Defendant was convicted of second-degree criminal mischief, ORS 164.354. He appeals a supplemental judgment ordering him to pay $567 to the victim, J, for damage done to J's car. Defendant argues that the trial court erred when it ordered him to pay restitution for criminal activities that the jury had not in fact found that defendant had committed. *See State v. Andrews*, 366 Or 65, 76, 456 P3d 261 (2020) ("ORS 137.106(1)(a) does not permit an award of restitution unless a trial court can determine, from the record and the defendant's conviction, that the defendant committed the act that resulted in the victim's damages."). We agree with the state that the jury necessarily found that defendant had kicked the vehicle and damaged it when the jury convicted him of criminal mischief. The court had authority to engage in independent factfinding to determine the causal relationship between defendant's criminal act and the economic damages suffered by the victim. *Id.* at 77 ("[T]he trial court has authority to make its own factual findings as to both economic damages and causation."). Accordingly, we affirm.

The relevant facts are brief and undisputed. Defendant lived in the same apartment complex as J. When defendant found that J had parked in defendant's parking spot, he became upset and kicked J's vehicle. Police responded and defendant admitted to kicking J's vehicle. The officer photographed two dents and a scuff mark on the car.

Defendant was charged with second-degree criminal mischief under ORS 164.354(1)(b), which, as relevant here, states that a person violates that statute if the person "intentionally damages property of another."

At trial, defendant did not contest kicking J's car or that he left a scuff mark on it. He did deny leaving dents on the side of the car. The jury found defendant guilty and a restitution hearing was set approximately a month later.

At the restitution hearing, defendant's sole argument was that "at the time of closing [arguments] the State argued to the jury that a scuff mark is enough to convict [defendant]." In defendant's view, because the jury could have found that he caused only the scuff marks, restitution

for other damage would be improper. The trial court disagreed and granted restitution in the amount of $567, the amount requested to fix the dents.

ORS 137.106 authorizes a trial court to order restitution "[w]hen a person is convicted of a crime *** that has resulted in economic damages." Accordingly, there are three prerequisites for an award of restitution: "(1) criminal activities, (2) economic damages, and (3) a causal relationship between the two." *Andrews*, 366 Or at 69 (footnote omitted). "Criminal activities" are defined as "any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant." ORS 137.103(1). The restitution statute grants a court the authority to make its own, independent, factual findings as to the second and third prerequisites, but it does not recognize a similar authority to determine the first prerequisite—the criminal act that the defendant committed. *Andrews*, 366 Or at 70-71. On appeal, the parties dispute the nature of the criminal activity for which defendant was convicted.

Recently, in *Andrews*, the Oregon Supreme Court addressed a trial court's authority to engage in independent factfinding regarding a defendant's criminal activity when awarding restitution. In that case, the evidence at trial was that the defendant punched the victim, which allegedly knocked out the victim's dental bridge. The state also presented evidence that the defendant spat on the victim. The state argued to the jury that it could convict the defendant of harassment based on either the defendant's punching the victim or his spitting on the victim. *Id.* at 67.[1] The jury convicted the defendant of harassment and the trial court ordered the defendant to pay restitution for damage done to the victim as a result of the punch. *Id.* at 67-68.

The Supreme Court explained in *Andrews* that the restitution statute does not authorize a trial court "to award restitution under ORS 137.106 unless it can determine from the record and the defendant's conviction that

---

[1] As charged in *Andrews*, a person commits the crime of harassment when that person subjects a victim to "offensive physical contact." 366 Or at 67 (quoting ORS 166.065(1)(a)(A)).

the jury necessarily found that the defendant committed the criminal act that permits restitution." *Id*. at 77. In so concluding, the court stated that the question is not whether a "jury *could have found* that a defendant committed the criminal act," but, rather, whether the "jury *did in fact find* that the defendant committed the act." *Id*. at 76 (emphases in original). The court reversed because it was unclear from the record whether the jury did in fact convict the defendant for punching the victim, which caused the damages, or only for spitting on the victim, which did not cause any damage. *Id*. at 77. In other words, punching the victim and spitting on the victim amounted to two separate acts, either of which constituted the crime, and there was no indication from the verdict whether the jury believed that the defendant had committed one, the other, or both.

Relying on *Andrews*, defendant argues that the trial court applied too broad a definition of defendant's criminal activities when awarding restitution. The court ordered restitution for the dents although defendant only admitted to *causing* the scuff. Defendant argues that the "gravamen of criminal mischief is *causing damage*," therefore, the criminal act includes the resulting damage.

However, this case differs from *Andrews* in an important respect. In *Andrews*, the criminal act of punching the victim—and thus causing damage to the defendant's dental bridge—was not necessary to the jury's verdict. By contrast, here, the jury necessarily found defendant guilty of kicking the car door and, thereby, damaging the car. In determining the scope of a defendant's criminal activity, we look to "the charging instrument, jury instructions, and jury verdict form." *Andrews*, 366 Or at 76. Here, the charging instrument alleged that defendant "unlawfully and intentionally damaged a vehicle, the property of [J], the said defendant having no right to do so nor reasonable ground to believe that the defendant had such right," and the jury found defendant guilty of that charge. Neither any jury instruction nor any jury verdict form provides otherwise. Thus, the jury found that defendant kicked the car and the kick caused damage. Given that, the court did not err in finding that defendant's criminal conduct caused the dents, not just the scuff; the court simply "ma[de] its own

factual findings as to *** causation," which is permissible under ORS 137.106(1)(a). *Andrews*, 366 Or at 77.

Affirmed.