No. 437 May 20, 2026 739

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KERRY JAMES HIGHLAND,
*Defendant-Appellant.*

Douglas County Circuit Court
23CR53611; A184596

Robert B. Johnson, Judge.

Submitted April 23, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Silberman, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Remanded for resentencing; otherwise affirmed.

**TOOKEY, P. J.**

In this criminal case, defendant pleaded guilty to second-degree criminal mischief for damage to an ATM, and he was sentenced to 30 days in jail with credit for time served. After a restitution hearing, in the amended judgment, the trial court ordered defendant to pay $6,174.66 in restitution and "any required per diem fees." On appeal, defendant raises two assignments of error relating to the amount of restitution and the requirement to pay per diem fees. We conclude that the trial court did not err in awarding that amount of restitution, but—as conceded by the state— the trial court did err in including a per-diem-fee term in the amended judgment. We therefore remand for resentencing and otherwise affirm.

*Restitution.* In his first assignment of error, relying on *State v. Storm*, 318 Or App 809, 509 P3d 132 (2022), defendant argues that the trial court erred in imposing restitution in the amount of $6,174.66 because defendant admitted causing damage only to the ATM's "cameras" and "camera covers." As we explained in *Storm*, "[i]n the context of a guilty plea or admission, *** the question is whether the trial court can determine—based on the existing record and the crime to which the defendant has pleaded guilty— that the defendant has admitted to engaging in a specific criminal act or acts; *** the trial court lacks authority to make findings about the defendant's criminal act or acts." *Id.* at 818.

Reviewing for errors of law, *State v. McClelland*, 278 Or App 138, 141, 372 P3d 614, *rev den*, 360 Or 423 (2016), we discern no error in the trial court's restitution award. Although the state charged defendant with first-degree criminal mischief for damaging the ATM's "cameras/camera covers," at the plea hearing, the prosecutor explained that the factual basis for defendant's plea of guilty to the lesser-included offense of second-degree criminal mischief was defendant's conduct of using a pair of scissors to stab "at the lenses on the ATM itself and *** causing damage in other places as well." The prosecutor indicated that the repairs cost in the range of $5,000 to $6,000. At the plea

hearing, defendant stipulated to "a basis for restitution. That basis is as outlined in the Indictment."

Prior to the restitution hearing, the state filed a repair estimate or invoice for $6,174.66. The most expensive items on the invoice related to the ATM's monitor and touch-screen. At the hearing, an employee of the credit union testified regarding the damage and the invoice. She explained that surveillance video showed that defendant broke "the cameras and the equipment on the ATM as well which would have been the monitor." She testified that the invoiced amount was the amount the credit union paid for the repair work.

At the hearing, in response to defendant's argument that he had pleaded guilty to damaging only the cameras and camera covers, the court noted that the charge alleged that the damage was "in an amount exceeding one thousand dollars," and that the item in the invoice "that takes it over the $1,000 mark" was the cost to repair the ATM's monitor. Based on that record, we conclude that the trial court could determine that defendant admitted or stipulated to conduct that went beyond damage to the ATM's cameras or camera covers, and that the trial court did not engage in independent fact finding about defendant's criminal act when it ordered restitution in the amount of $6,174.66. We affirm on the first assignment of error.

*Per Diem Fees.* In his second assignment of error, defendant argues that the trial court erred when it included in the amended judgment that defendant shall "pay any required per diem fees." That term was not announced at the sentencing hearing and appeared for the first time in the amended judgment.

"A criminal defendant has the right to have their sentence announced in open court." *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023). It was therefore error to include the per-diem-fees term in the judgment without announcing it at sentencing, as the state correctly concedes. *See, e.g.*, *State v. Hostman*, 343 Or App 506, 513, 579 P3d 253 (2025) (holding that it was error to include previously unannounced per-diem-fees provision

in judgment); *State v. Barr*, 331 Or App 242, 244, 545 P3d 772, *rev den*, 372 Or 720 (2024) ("The trial court erred by including a previously unannounced term in the sentencing judgment.")

As for the disposition, the remedy for unannounced terms is "usually a resentencing." *Id.*; *see also Priester*, 325 Or App at 581 (same). Here, the state concedes we should remand for resentencing for the trial court to address the per-diem-fees term.

Remanded for resentencing; otherwise affirmed.