# United States Court of Appeals
## For the First Circuit

No. 20-1125

SORREDA TRANSPORT, LLC,

Petitioner,

v.

UNITED STATES DEPARTMENT OF TRANSPORTATION; UNITED STATES,

Respondents.

PETITION FOR REVIEW OF AN ORDER OF THE
FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION

Before[*]

Lynch, <u>Circuit Judge</u>,
and Saris,[**] <u>District Judge</u>.

Keith A. Mathews and Associated Attorneys of New England on brief for petitioner.
Joy K. Park, Senior Trial Attorney, Department of Transportation, Heather Eilers-Bowser, Chief Counsel, Charles J. Fromm, Deputy Chief Counsel, Sue Lawless, Assistant Chief Counsel for Litigation, Cynthia Campise, Trial Attorney, Federal Motor Carrier Safety Administration, Steven G. Bradbury, General Counsel, Paul M. Geier, Assistant General Counsel for Litigation and Enforcement, and Peter J. Plocki, Deputy Assistant General Counsel for Litigation and Enforcement, on brief for respondents.

_____

[*] While this case was submitted to a panel that included Judge Torruella, he did not participate in the issuance of the panel's opinion. The remaining two panelists therefore issued the opinion pursuant to 28 U.S.C. § 46(d).

[**] Of the District of Massachusetts, sitting by designation.

November 9, 2020

**LYNCH**, **Circuit Judge**.    Sorreda Transport, LLC ("Sorreda") challenges a final decision of the Federal Motor Carrier Safety Administration ("the FMCSA"), an agency within the United States Department of Transportation that regulates the trucking industry in the United States.  The FMCSA determined that Sorreda's business safety rating is "unsatisfactory."  Sorreda argues that the FMCSA's investigation and resulting decision was arbitrary and capricious under the Administrative Procedure Act ("the APA"), 5 U.S.C. § 706(2)(A), and so the agency's decision should be set aside.  The FMCSA's findings are supported by substantial evidence and its determination that Sorreda's business safety rating was unsatisfactory was neither arbitrary nor capricious under the applicable regulations.  We deny the petition for review.

                                    I.

          Sorreda is a small, interstate trucking company owned by Evangeline Sebor and located in Bedford, New Hampshire.  In May 2019, the FMCSA initiated a compliance review of Sorreda after receiving two complaints through its consumer complaint database. The FMCSA completed its investigation in August 2019, which included a two-day investigation at Sorreda's place of business and additional requests and subpoenas for records.  In September 2019, the FMCSA issued a notice informing Sorreda of its proposed unsatisfactory rating, which resulted from an acute violation in

one safety factor (General) and critical violations in two other safety factors (Driver and Operational).

Specifically, the FMCSA investigators found that (1) Sorreda had falsified a road test for one of its drivers (General), see 49 C.F.R. §§ 390.35, 391.51(a), (2) it had not obtained several drivers' motor vehicle records within the timeframe required by regulation and had failed to maintain medical examiner's certificates in several of its drivers' qualification files as required by regulation (Driver), see id. § 391.51(a), (b)(2), (b)(7), and (3) it had failed to maintain and to retain accurate and true time records for several of its drivers and had failed to install an electronic logging device to record those entries as required by regulation (Operational). See id. §§ 395.1(e), 395.8(a). The critical violations as to the second and third safety factors resulted in unsatisfactory safety ratings for those two factors, and unsatisfactory safety ratings in two factors automatically results in an overall unsatisfactory safety rating. Id. § 385 app. B.III.A(b). A motor carrier with a final safety rating of unsatisfactory is prohibited from operating a commercial motor vehicle in interstate or intrastate commerce unless it takes corrective action to improve its overall safety rating to conditional or satisfactory or it successfully appeals its proposed unsatisfactory rating through an administrative review

- 4 -

with the FMCSA. See 49 U.S.C. § 31144(c), (e); 49 C.F.R. §§ 385.13(a), 385.15, 385.17.

Sorreda chose not to take immediate corrective action and instead appealed the proposed unsatisfactory rating to the FMCSA. In November 2019, the FMCSA issued a final order denying Sorreda's petition for administrative review and concluding that Sorreda had failed to prove by a preponderance of the evidence that the FMCSA had erred in assigning it an unsatisfactory rating.

Sorreda filed a timely petition for review in this Court pursuant to 28 U.S.C. §§ 2342(3)(A), 2343-44.

II.

A "court must uphold a decision of the FMCSA unless it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" Darrell Andrews Trucking, Inc. v. Fed. Motor Carrier Safety Admin., 296 F.3d 1120, 1124 (D.C. Cir. 2002) (quoting 5 U.S.C. § 706(2)(A)); cf. Flock v. U.S. Dep't of Transp., 840 F.3d 49, 54-55 (1st Cir. 2016). "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983); see also id. ("[T]he agency must examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" (quoting Burlington

- 5 -

<u>Truck Lines</u> v. <u>United States</u>, 371 U.S. 156, 168 (1962))). We accept an agency's findings so long as they are supported by substantial evidence in the record as a whole. <u>See</u> <u>Vieques Air Link, Inc.</u> v. <u>U.S. Dep't of Lab.</u>, 437 F.3d 102, 104 (1st Cir. 2006) ("[W]e 'accept the findings and inferences drawn by the ALJ, whatever they may be, unless they are irrational,' and respect his or her 'prerogative in the first instance to . . . make credibility assessments . . . .'" (all but first alteration in original) (quoting <u>Bath Iron Works Corp.</u> v. <u>U.S. Dep't of Lab.</u>, 336 F.3d 51, 56 (1st Cir. 2003))); <u>see also</u> 5 U.S.C. § 706(2)(E).

Sorreda first argues that the FMCSA inappropriately found that Sorreda had failed to obtain and to maintain motor vehicle records in several of its drivers' qualification files. Sorreda concedes, however, that it did not obtain the required motor vehicle records and place them in the driver qualification files for at least two of its drivers within the thirty-day period required by regulation. <u>See</u> 49 C.F.R. §§ 391.23(a)-(b), 391.51(a), (b)(2).

Furthermore, the agency was correct that the plain language of the "good faith" exception to the motor vehicle record requirement does not apply to Sorreda's situation because the motor vehicle records for the two drivers at issue did in fact exist and were eventually received by Sorreda, just not within the timeframe set by regulation. <u>See</u> <u>id.</u> § 391.23(b) (providing that "[i]f <u>no</u>

- 6 -

motor vehicle record is received from the State or States required to submit this response, the motor carrier must document a good faith effort to obtain such information, and certify that no record exists for that driver in that State or States" (emphasis added)). It does not matter that the agency chose to charge Sorreda with a critical violation (§ 391.51(b)(2)) rather than a lesser available non-critical violation (§ 391.23(b)). Placing the motor vehicle record in and maintaining the motor vehicle record in the driver's qualification file are separate regulatory requirements, and we typically do not question the agency's enforcement discretion. See Heckler v. Chaney, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."); Mass. Pub. Interest Rsch. Grp., Inc. v. U.S. Nuclear Regul. Comm'n, 852 F.2d 9, 19 (1st Cir. 1988); see also 5 U.S.C. § 701(a)(2) (providing that "agency action . . . committed to agency discretion by law" is unreviewable under the APA).

Sorreda next argues that the FMCSA acted arbitrarily in finding that Sorreda had failed to maintain the required medical examiner's certificates in several of its drivers' qualification files. See 49 C.F.R. § 391.51(a), (b)(7). It argues that the agency erred in crediting the FMCSA investigators' version of

events rather than Sorreda's.[1] We respect the agency's credibility determination and conclude that it is supported by substantial evidence in the record. Both investigators attested that medical examiner's certificates were missing from several of the drivers' physical qualification files that Sebor had provided. They also attested that, while Sebor had shown the investigators an unauthenticated photograph of one of the driver's medical examiner's certificates on her cell phone, she at no time during the compliance review mentioned she maintained that driver qualification information electronically. They further attested that they requested copies of the medical examiner's certificates from Sebor and she never provided them. The failure to provide evidence at the time of the compliance review that Sorreda maintained medical examiner's certificates in the drivers' qualification files was sufficient to find that it had violated § 391.51(b)(7).[2]

---

[1] The investigators state that they had requested the missing medical examiner's certificates but never received them, while Sorreda asserts that Sebor had offered to provide copies of the missing medical examiner's certificates to the investigators but they refused the offer.

[2] It is irrelevant that Sorreda submitted the medical examiner's certificates as part of its administrative appeal of the FMCSA's decision because that does not prove they were maintained in the drivers' qualification files at the time of the compliance review.

Finally, Sorreda argues that the FMCSA arbitrarily found it had violated 49 C.F.R. § 395.8(a)(1)(i) by failing to install or requiring drivers to record their duty status on an electronic logging device. Sorreda argues that it was exempt from this requirement under the "short-haul exemption." See id. § 395.1(e). To qualify for this exemption from § 395.8, the motor carrier must satisfy several requirements, including "maintain[ing] and retain[ing] for a period of 6 months accurate and true time records showing" the drivers' hours of duty. Id. § 395.1(e)(2)(v). During the compliance review, FMCSA investigators examined a sample of sixty driver time records and found that all sixty time records were not true and accurate. These records pertained to three drivers. On appeal the FMCSA considered only the twenty-four violations related to one driver, Matthew White, whom Sorreda fired for violation of various policies after only three months of employment. Because these twenty-four violations constituted at least ten percent of the sixty documents reviewed, the FMCSA found they were sufficient to establish a "pattern of noncompliance" with § 395.8(a)(1)(i), resulting in an "unsatisfactory" rating. See id. § 385 app. B.II(g)-(h), B.II.C(b) (defining "pattern of noncompliance with a critical regulation"). The FMCSA did not address the accuracy of the other two drivers' records.

Sorreda concedes that one of its drivers submitted inaccurate records of his duty status numerous times, which was

sufficient to find that Sorreda did not qualify for the short-haul exemption and so was required to have its drivers record their duty status on an electronic logging device. Sorreda cannot avoid its obligation to comply with the FMCSA's safety regulations by shifting the blame to its employee for its noncompliance. See In re Berg Grain & Produce, Inc., Docket No. FMCSA-2010-0278, 2015 WL 6848568, at *3-4 (Nov. 5, 2015). Nor does it matter that the FMCSA could have charged Sorreda with a different regulatory violation for "mak[ing] a false report in connection with a duty status." 49 C.F.R. § 395.8(e). Sorreda still violated § 395.8(a)(1)(i) and this enforcement decision was within the agency's discretion. See Heckler, 470 U.S. at 831; Mass. Pub. Interest Research Grp., Inc., 852 F.2d at 19.

The FMCSA's findings and conclusions are supported by substantial evidence in the record and its decision denying Sorreda's petition for review is not arbitrary or capricious.[3]

Petition for review denied.

---

[3] This does not mean that Sorreda's business is shut down permanently. It can still rectify the identified deficiencies in its safety standards and request a change in its safety rating at any time pursuant to 49 C.F.R. § 385.17.