Submitted January 26, affirmed March 3, petition for review denied
June 10, 2021 (368 Or 206)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NICOLE GLYNNE SHELNUTT,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CR58492; A171524

483 P3d 53

Defendant appeals a judgment of conviction for felon in possession of a firearm, ORS 166.270(1). She argues that the trial court should have granted her demurrer because that statute, which applies regardless of the nature of the predicate felony—in her case, alleged in the indictment to be the unlawful possession of methamphetamine—violates her right to bear arms under Article I, section 27, of the Oregon Constitution and the Second Amendment to the United States Constitution. *Held*: Defendant's as-applied argument under the state constitution was not consistent with how Article I, section 27, had been interpreted by the Oregon Supreme Court. Given the procedural posture of the case, her as-applied argument under the federal constitution likewise failed under even the most favorable standard applied by federal courts to date; defendant's challenge relied only on the alleged predicate felony in the indictment, and it did not sufficiently demonstrate that the facts of the underlying crime or her personal circumstances were outside those historically excluded from the right to bear arms.

Affirmed.

David F. Rees, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

LAGESEN, P. J.

Affirmed.

**LAGESEN, P. J.**

Defendant appeals a judgment of conviction for felon in possession of a firearm, ORS 166.270(1).[1] She argues that the trial court should have granted her demurrer because that statute, which applies regardless of the nature of the predicate felony—in her case, alleged in the indictment to be the unlawful possession of methamphetamine—violates her right to bear arms under Article I, section 27, of the Oregon Constitution and the Second Amendment to the United States Constitution. We affirm.

We review the disallowance of a demurrer for errors of law, considering only the information appearing on the face of the indictment and the applicable law. *See State v. Woodall*, 259 Or App 67, 69, 313 P3d 298 (2013), *rev den*, 354 Or 735 (2014) ("We review the denial of a demurrer for errors of law."); *State v. Cervantes*, 232 Or App 567, 573, 223 P3d 425 (2009) ("A demurrer in a criminal case is governed by ORS 135.630. That statute provides that a trial court, when considering whether to sustain a demurrer, may consider only the information alleged in the indictment.").

Defendant's arguments are premised on the view that ORS 166.270 is an "absolute ban" on firearms that must survive strict scrutiny under the state and federal constitutions, and that any restriction on defendant's right to bear arms based on her previous conviction must be narrowly tailored to further a compelling state interest.[2]

---

[1] ORS 166.270(1) provides:

"Any person who has been convicted of a felony under the law of this state or any other state, or who has been convicted of a felony under the laws of the Government of the United States, who owns or has in the person's possession or under the person's custody or control any firearm commits the crime of felon in possession of a firearm."

[2] Defendant acknowledges that the ban may not apply after 15 years in some cases. ORS 166.270(4) provides:

"Subsection (1) of this section does not apply to any person who has been:

"(a) Convicted of only one felony under the law of this state or any other state, or who has been convicted of only one felony under the laws of the United States, which felony did not involve criminal homicide, as defined in ORS 163.005, or the possession or use of a firearm or a weapon having a blade that projects or swings into position by force of a spring or by centrifugal force, and who has been discharged from imprisonment, parole or probation for said offense for a period of 15 years prior to the date of alleged violation of subsection (1) of this section; or

Starting with our state constitution, that premise is inconsistent with the way that Article I, section 27, has been interpreted and applied by our Supreme Court. As that court has explained, "Because the right to bear arms is not an absolute right, our Article I, section 27, holdings reflect a judicial recognition that the legislature has wide latitude to enact specific regulations restricting the possession and use of weapons to promote public safety." *State v. Christian*, 354 Or 22, 33, 307 P3d 429 (2013); *see State v. Hirsch/Friend*, 338 Or 622, 678-79, 114 P3d 1104 (2005) (rejecting an overbreadth challenge to ORS 166.270(1) under Article I, section 27; holding that the framers of the Oregon Constitution understood it to be within the legislature's purview "to designate certain groups as posing identifiable threats to the public safety by virtue of the earlier commission of serious criminal conduct"; and observing that "conviction of a 'felony' signifies a breach of society's most essential rules for obligatory conduct—rules that are central to the legislative task of protecting the public from violence and various forms of abuse"). For that reason, we reject defendant's state constitutional argument that ORS 166.270 is unconstitutional as applied to the limited facts alleged in the indictment.

We reach the same conclusion with regard to her as-applied arguments under the Second Amendment in light of decisions by federal courts in the wake of *District of Columbia v. Heller*, 554 US 570, 626, 128 S Ct 2783, 171 L Ed 2d 637 (2008). In *State v. Beeman*, 290 Or App 429, 417 P3d 541, *rev den*, 363 Or 119 (2018), we discussed some of those decisions in the context of a facial challenge to ORS 166.270. We disagreed that strict scrutiny was appropriate and upheld the statute under intermediate scrutiny. We explained that "[t]he restriction on the possession of firearms by a felon has a well-established, historical, and obvious relationship to public safety. Even under intermediate

---

"(b) Granted relief from the disability under 18 USC 925(c) or ORS 166.274 or has had the person's record expunged under the laws of this state or equivalent laws of another jurisdiction."

We further note that, although it is not discussed by the parties, one of the cross-referenced provisions in subparagraph (4)(b), ORS 166.274, allows a petitioner to seek relief from the ban if the petitioner "demonstrates, by clear and convincing evidence, that the petitioner does not pose a threat to the safety of the public or the petitioner." ORS 166.274(7).

scrutiny, ORS 166.270 is substantially related to an important governmental objective." *Id.* at 434 & n 2 (footnote omitted). We observed further that, after *Heller*, "numerous facial challenges to felon in possession statutes were raised nationwide" but "[n]o state law banning felons from possessing guns has ever been struck down" and "no federal ban on felons possessing guns has been struck down." 290 Or App at 434. *Accord Folajtar v. Attorney Gen. of the United States*, 980 F3d 897, 901 (3d Cir 2020) ("Since *Heller*, we, along with every court to consider the issue, have rejected challenges that § 922(g)(1) on its face violates the Second Amendment.").

In *Beeman*, however, we did not address whether the application of ORS 166.270 in the case of a "nonviolent" predicate felony would violate the Second Amendment. 290 Or App at 435 n 3 (noting that the defendant had "not advanced an argument that the application of ORS 166.270 to him is unconstitutional because of his personal characteristics, or the specific facts of his felony conviction, *i.e.*, that the facts of his crime lack an indication of violence"). That issue is currently spurring divergent thinking in the federal appellate courts. Some have categorically rejected as-applied challenges. *E.g.*, *Hamilton v. Pallozzi*, 848 F3d 614, 626-29 (4th Cir), *cert den*, ___ US ___, 138 S Ct 500 (2017) ("conviction of a felony necessarily removes one" from Second Amendment protection, unless the felony conviction is pardoned or the law defining the crime of conviction is found unconstitutional or otherwise unlawful); *United States v. Vongxay*, 594 F3d 1111, 1115 (9th Cir), *cert den*, 562 US 921 (2010) (holding that "felons are categorically different from the individuals who have a fundamental right to bear arms"). Others have treated restrictions on firearms possession by convicted felons as presumptively lawful but have allowed challengers to rebut that presumption by proving that they were not convicted of "serious" felonies, thereby shifting the burden to the government to prove that the regulation at issue survives a "heightened" level of scrutiny. *See, e.g.*, *Binderup v. Attorney Gen. United States of Am.*, 836 F3d 336, 347, 356 (3d Cir 2016), *cert den*, ___ US ___, 137 S Ct 2323 (2017) (once the challengers have carried their burden to show that their offenses were not serious and have distinguished their

circumstances from persons historically excluded from the right to bear arms, the government must "meet some form of heightened scrutiny"—in *Binderup*, intermediate scrutiny); *accord Kanter v. Barr*, 919 F3d 437, 442 (7th Cir 2019) ("We have consistently described step two as 'akin to intermediate scrutiny' and have required the government to show that the challenged statute is substantially related to an important governmental objective.").[3]

Regardless of the approach, "[a]s-applied challenges have fared only marginally better [than facial challenges to the federal dispossession statute], and no circuit has held the law unconstitutional as applied to a convicted felon." *Medina v. Whitaker*, 913 F3d 152, 155 (DC Cir 2019), *cert den sub nom Medina v. Barr*, ___ US ___, 140 S Ct 645 (2019). And, given the procedural posture of this case, defendant's as-applied challenge would fail under the most favorable standard applied by the federal courts to date. Defendant's challenge to ORS 166.270 is "as-applied" in the sense that it relies on the alleged predicate felony in the indictment, but it does not turn on any facts surrounding that underlying drug crime or facts regarding her personal circumstances or potential dangerousness. Without such an evidentiary showing, and given the legislature's judgment to classify her conduct as a felony, defendant has not sufficiently demonstrated that the underlying crime or her circumstances are outside those historically excluded from the right to bear arms such that the application of ORS 166.270 to her violates her Second Amendment rights. *See Folajtar*, 980 F3d

---

[3] In *Medina v. Whitaker*, 913 F3d 152, 155 (DC Cir 2019), *cert den sub nom Medina v. Barr*, ___ US ___, 140 S Ct 645 (2019), the court provided the following overview of the split:

"The Ninth Circuit takes the view that 'felons are categorically different from the individuals who have a fundamental right to bear arms.' *Vongxay*, 594 F3d at 1115. Four other circuits have, in a similar vein, also rejected as-applied challenges by convicted felons. *See Hamilton v. Pallozzi*, 848 F3d 614, 626-27 (4th Cir), *cert den*, ___ US ___, 138 S Ct 500 (2017); *United States v. Rozier*, 598 F3d 768, 770-71 (11th Cir 2010); *United States v. Scroggins*, 599 F3d 433, 451 (5th Cir 2010); *In re United States*, 578 F3d 1195, 1200 (10th Cir 2009). The Seventh and Eighth Circuits, while leaving open the possibility of a successful felon as-applied challenge, have yet to uphold one. *See United States v. Woolsey*, 759 F3d 905, 909 (8th Cir 2014); *United States v. Williams*, 616 F3d 685, 693-94 (7th Cir 2010)."

For additional discussion of the different approaches, see *Folajtar*, 980 F3d at 900-04, which has a petition for writ of *certiorari* pending.

at 911 (holding out the possibility of an "exceptional federal or state felony unmoored from the bar's historical underpinnings" but concluding that a person could be dispossessed of the right to bear arms for felony tax evasion); *Kanter*, 919 F3d at 448 (rejecting facial and as-applied challenges to federal felon dispossession statute in the context of nonviolent but "serious" fraud and theft convictions, and holding that "[t]he government identifies its interest as preventing gun violence by keeping firearms away from persons, such as those convicted of serious crimes, who might be expected to misuse them"); *Medina*, 913 F3d at 159 ("On balance, the historical evidence and the Supreme Court's discussion of felon disarmament laws leads us to reject the argument that non-dangerous felons have a right to bear arms."); *cf. Binderup*, 836 F3d at 351 (sustaining an as-applied challenge in the context of predicate offenses that were categorized by the relevant states as misdemeanors and stating that "a state legislature's classification of an offense as a misdemeanor is a powerful expression of its belief that the offense is not serious enough to be disqualifying"). For those reasons, defendant's as-applied challenge under the Second Amendment does not supply grounds for a demurrer.

Affirmed.