# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2022

Lyle W. Cayce
Clerk

No. 21-50308

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RAYMOND MCKINNEY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CR-131-1

Before CLEMENT, GRAVES, and COSTA, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Raymond McKinney was charged with one count of possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). He moved to suppress evidence of the firearm, which was discovered during a pat-down search following a warrantless investigatory stop. The district court denied the motion without a hearing,

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50308

and McKinney entered a conditional guilty plea pursuant to a written plea agreement, reserving the right to challenge the denial of his suppression motion. He was sentenced to time served, which was around two years, and three years' supervised release. McKinney appealed the denial of his suppression motion and we reversed, holding that that the evidence before the district court—the officers' body-camera footage, the police report, and some photographs—did not indicate that the officers had reasonable suspicion to detain McKinney for questioning. *United States v. McKinney*, 980 F.3d 485, 488-89 (5th Cir. 2020).

McKinney renewed his motion to suppress on remand.[1] The district court held an evidentiary hearing at which the two arresting officers testified. The district court again denied the suppression motion, holding that the officers had reasonable suspicion to detain McKinney and probable cause to frisk him. The district court reentered the judgment of conviction and reinstated McKinney's sentence. McKinney timely appealed.

On remand, the Government offered no evidence that could materially alter our earlier analysis, even though we had described the type of evidence that might support reasonable suspicion. *McKinney*, 980 F.3d

---

[1] McKinney's counsel suggested that proceeding with an evidentiary hearing would be a "nullity" given that McKinney had already served his sentence, and asked the district court to dismiss the charges against McKinney because "subtracting one conviction from Mr. McKinney's record does not materially [affect] his criminal history." The Government, however, contended that we had instructed the district court to hold an evidentiary hearing. The district court then scheduled an evidentiary hearing, but gave McKinney time to consider withdrawing his suppression motion. The district court then stated:

> I follow Judge [Lucius Desha] Bunton's rule about Fifth Circuit opinions. "They can reverse me if they want to, but they can't make me read it," which I'm glad you all have read it. But I also -- if my recollection is correct, none of those fine judges have ever tried a case or dealt with what we deal with on the street. But, anyway, what do I know?

at 493. To the contrary, the officers' testimony confirms our previous interpretation of the facts: they specifically confirmed that the body-camera footage on which we previously relied reflected accurately what happened that night. Moreover, they confirmed that they stopped McKinney based on little more than the color of his clothing (while neglecting to stop or even question others wearing the same color), his location in a high-crime area (even though McKinney was carrying a grocery bag from the nearby food mart), and his wearing a windbreaker (which the officers admitted on remand was not particularly suspicious). In short, the officers' testimony does nothing to assuage our earlier concern that the officers stopped McKinney based on nothing more than a hunch. Nonetheless, the district court entered an order denying McKinney's motion to suppress that mirrored almost exactly its earlier order that we found wanting. Because the evidence introduced on remand does nothing to undercut our earlier analysis finding no reasonable suspicion to detain McKinney, we are bound to reverse the district court's denial of McKinney's motion to suppress.

We therefore VACATE the district court's order denying McKinney's motion to suppress, VACATE his conviction and sentence, and REMAND the case to the district court for further proceedings.