506 September 24, 2025 No. 823

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LEE CHARLES HOSTMAN,
*Defendant-Appellant.*

Clackamas County Circuit Court
22CR14696, 23CR52859, 22CR43355;
A183163 (Control), A183164, A183165

Susie L. Norby, Judge.

Submitted August 22, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

In Case Nos. 22CR14696 and 23CR52859, remanded for resentencing; otherwise affirmed. In Case No. 22CR43355, affirmed.

**TOOKEY, P. J.**

In this consolidated appeal, defendant appeals judgments of conviction for felon in possession of body armor in Case No. 22CR14696, forgery in the first degree in Case No 22CR43355, and theft in the second degree in Case No. 23CR52859.

In defendant's first assignment of error, defendant contends that the trial court erred when it disallowed his pretrial demurrer in Case No. 22CR14696 to the charge of felon in possession of body armor, ORS 166.642. Defendant contends that ORS 166.642 infringes on his right to keep and bear arms under the Second Amendment to the United States Constitution.[1]

In defendant's second assignment of error, defendant contends that in Case Nos. 22CR14696 and 23CR52859 the trial court erred when it ordered defendant to pay per diem fees, because those fees were not announced in open court at sentencing.

We conclude that the trial court did not err when it denied defendant's pretrial demurrer. We further conclude that the trial court erred in imposing per diem fees. We remand for resentencing in Case Nos. 22CR14696 and 23CR52859. We affirm the judgment in Case No. 22CR43355.[2]

## I.   FACTS

The relevant facts are undisputed. On October 21, 2021, two deputies pulled defendant over while he was driving his car. While the first deputy talked to defendant and his passenger, the second deputy looked in the back window of the car where he spotted body armor in the center of the back seat, within reach of defendant. The second deputy knew defendant was a convicted felon. The second deputy then asked defendant about the body armor and defendant said that a friend had given it to him and that he planned to give it back to the friend at some point. Based on

---

[1] The Second Amendment provides, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

[2] Although defendant appeals the judgment in Case No. 22CR43355, defendant does not raise any arguments concerning that judgment.

his knowledge that defendant was a felon the deputy knew it was unlawful for defendant to possess the body armor. Defendant was arrested and subsequently charged with felon in possession of body armor.

Prior to his trial, defendant demurred on the grounds that the Oregon felon in possession of body armor statute was unconstitutional under the Second Amendment to the United States Constitution. The trial court disallowed the demurrer. Defendant did not raise the argument at trial that the statute was unconstitutional as applied to defendant. Defendant opted for a bench trial where he was found guilty of felon in possession of body armor.

Following the trial, the judge pronounced defendant's sentence, but did not include per diem fees. However, the written judgment imposed per diem fees.

## II.  ANALYSIS

*Standard of Review.* We review the trial court's disallowance of defendant's demurrer for errors of law. *State v. Shelnutt*, 309 Or App 474, 475, 483 P3d 53, *rev den*, 368 Or 206 (2021). We consider whether the trial court failed to comply with the requirements of law in imposing a sentence for errors of law. *State v. Capri*, 248 Or App 391, 394, 273 P3d 290 (2012).

### A.  *Constitutional challenge to ORS 166.642.*

In defendant's first assignment of error, he argues that the trial court erred in denying his pretrial demurrer to the charge of felon in possession of body armor, because ORS 166.642 infringes his rights to keep and bear arms, namely bulletproof body armor. Defendant raises both an as-applied and a facial challenge to ORS 166.642.

In support of both his facial and his as-applied challenges to ORS 166.642, defendant argues that body armor is protected as "arms" within the definition of the Second Amendment. In support of that argument, defendant points to *District of Columbia v. Heller*, 554 US 570, 128 S Ct 2783, 171 P3d 2d 637 (2008), which discusses the history of arming militiamen. According to defendant, at the time the Second Amendment was drafted, "arms" broadly meant weapons

and armor. Thus, under defendant's theory, body armor is included in the Second Amendment's definition of "arms."

Further, in support of his facial challenge, defendant also claims that there is no historical analogue under which felons can be prohibited from carrying weapons. Defendant points out that gun violence was known at the adoption of the Second Amendment. According to his argument, statutes which criminalize a felon's possession of body armor or firearms exclude certain members of the population from the protections afforded under the Second Amendment. Defendant recognizes our holding in *State v. Parras*, 326 Or App 246, 255, 257, 531 P3d 711 (2023), *rev den*, 372 Or 763 (2024), in which we stated that the "concept of virtuous citizenry is consonant with the repeated references in *Heller* and [*New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 US 1, 142 S Ct 2111, 213 L Ed 2d 387 (2022)] to the Second Amendment protecting the possession of firearms by 'law-biding' citizens and characterizing bans on felons in possession of firearms as 'longstanding' and 'presumptively lawful[,]'" and we determined that "the concept that those who committed serious crimes were historically not entitled to Second Amendment protections did exist at the time of the framing." However, defendant contends that *Parras* was wrongly decided.

Finally, in his as applied challenge, defendant contends that felon disarmament laws are only based on the historical tradition of disarming those that are a credible threat to public safety. According to defendant, his prior convictions do not pose a credible threat to public safety such that he should be divested of his rights under the Second Amendment.

In its response, the state argues that defendant did not preserve his as applied challenge. Moreover, the state argues that body armor is not "within the class of 'arms' protected under the Second Amendment." Further, according to the state, even if body armor falls within "arms" under the Second Amendment, Oregon case law disposes of defendant's as-applied and facial challenges to ORS 166.642. That is because, as the state sees it, ORS 166.642 is capable of constitutional application, which defeats defendant's facial challenge, and the weight of the historical evidence shows that felons can be divested of Second Amendment

protections. *See City of Portland v. Sottile*, 336 Or App 741, 744, 561 P3d 1159 (2024); *Parras,* 326 Or App at 257.

As an initial matter, we conclude that defendant did not sufficiently preserve his as applied challenge. ORAP 5.45(1). Nor has defendant requested plain-error review. *State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den,* 358 Or 145 (2015) ("[W]e ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so because it is incumbent upon the appellant to explain to us why an error satisfies the requisites of plain error and, further, why we should exercise our discretion to correct that error." (Internal quotation marks omitted.)). Thus, we do not consider his as applied challenge to ORS 166.642.

Turning to the merits of defendant's facial challenge, the Second Amendment confers an individual right to keep and bear arms. *Heller*, 554 US at 595. But that right is not unlimited. *Id.* at 626. In *Bruen*, 597 US at 24, the United States Supreme Court explained that

"the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation."

We note that there is no clear consensus on the question of whether the possession of body armor is conduct that is protected under the Second Amendment. The *Heller* Court determined the natural reading of "keep arms" was to "have weapons." 544 US at 582. One federal district court that examined this issue cited *Heller's* limitation that the Second Amendment protects only "the sort of weapons" that were "in common use at the time" the Amendment was drafted, which likely did not include bulletproof vests. *United States v. Davis*, 906 F Supp 2d 545, 553 (SD W Va 2012).[3] The *Davis* court rejected the argument that bullet-

---

[3] *Davis* recognized that use of the phrase "sorts of weapons" did not limit Second Amendment protection solely to those weapons in existence in the 18th century and that all instruments that constitute bearable arms, even if they were not in existence at the time of the founding, are protected. 906 F Supp at 553.

proof vests are "arms" under the Second Amendment. *Id*. at 557. Conversely, another federal district court held that bearable arms "clearly" included "items like helmets, body armor, and the like." *Barnett v. Raoul*, 756 F Supp 3d 564, 606 (SD Ill 2024).

But we need not decide whether the possession of body armor is conduct that is protected under the Second Amendment, because even if it was, our decision in *Parras* is controlling. Both *Heller* and *Bruen* emphasized the Second Amendment protections for "law abiding" citizens and that bans on felons in possession of firearms were "longstanding" and "presumptively lawful." *Parras* 326 Or App at 255. As we explained in *Parras*, "[t]he weight of historical evidence shows that it was understood that individuals could be divested of Second Amendment protections if they broke the social contract of being a virtuous citizen by committing a serious crime." *Id*. at 257.

Defendant cites the Ninth Circuit's decision in *United States v. Duarte*, 101 F4th 657 (9th Cir), *reh'g en banc granted, opinion vacated*, 108 F4th 786 (9th Cir 2024) for the proposition that *Parras* was wrongly decided. We are not persuaded by his argument. First, the *Duarte* decision upon which defendant relies was vacated for a rehearing en banc. Second, the en banc opinion that followed upheld the felon in possession statute at issue in that case. Although the court ultimately held that felons were included in the Second Amendment's definition of "the people," it explained that "death was the standard penalty for all serious crimes at the time of the founding. *** [C]olonies and states also routinely made use of estate forfeiture as punishment," and "nonviolent crimes such as forgery and horse theft were capital offenses." *United States v. Duarte*, 137 F4th 743, 756 (9th Cir 2025) (internal quotation marks omitted). Accordingly, "if the greater punishment of death and estate forfeiture was permissible to punish felons, then the lesser restriction of permanent disarmament is also permissible." *Id*. (footnote omitted). Legislatures have always been able to identify conduct that they consider the "most serious and to punish perpetrators with severe deprivations of liberty." *Id*. at 758. Thus, we are not persuaded that *Parras* was "plainly

wrong." *State v. Stevens*, 329 Or App 118, 125, 540 P3d 50 (2023), *rev den,* 372 Or 437 (2024) ("The plainly wrong standard is a rigorous standard grounded in presumptive fidelity to *stare decisis*." (Internal quotation marks omitted.)). For those reasons, we affirm the trial court's decision on defendant's demurrer.

B.   *Imposition of per diem fees.*

Although not pronounced in open court at sentencing, the judgment also contains a provision requiring defendant to "pay any required per diem fees." Defendant challenges the provision regarding per diem fees. The state concedes that the court erred in imposing that term without having announced it at sentencing and that a remand for resentencing is necessary. We agree and accept that concession. *See State v. Barr*, 331 Or App 242, 244, 545 P3d 772, *rev den*, 372 Or 720 (2024) (remanding for resentencing where a requirement to pay per diem fees was not announced in open court at sentencing and appeared for the first time in the judgment). As a consequence, we remand for resentencing.

In Case Nos. 22CR14696 and 23CR52859, remanded for resentencing; otherwise affirmed. In Case No. 22CR43355, affirmed.