No. 1150 December 31, 2025 287

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN WAYNE WATKINS,
*Defendant-Appellant.*

Lake County Circuit Court
22CR47182; A181963

David M. Vandenberg, Judge.

Submitted May 13, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David Sherbo-Huggins, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

SHORR, P. J.

Defendant appeals from a judgment of conviction for felon in possession of a firearm, ORS 166.270(1). In a single assignment of error, he challenges the trial court's denial of his demurrer to the indictment, arguing that ORS 166.270(1) violates the Second Amendment both facially and as applied to him.[1] Reviewing the trial court's decision for errors of law, *State v. Shelnutt*, 309 Or App 474, 475, 483 P3d 53, *rev den*, 368 Or 206 (2021), we affirm.

Beginning with defendant's as-applied challenge, he argues that his predicate felony conviction for second-degree burglary is an insufficient basis to deny his Second Amendment rights because the offense is not inherently violent and does not resemble its common law predecessor.[2] Defendant acknowledges that he did not raise that argument in the trial court, and we are unpersuaded that the argument is preserved. But even assuming adequate preservation, we would conclude that ORS 166.270(1) did not violate the Second Amendment as applied to defendant. *State v. Ivey*, 342 Or App 649, 658, 577 P3d 884 (2025) (upholding the application of ORS 166.270(1) against a defendant with a prior felony conviction for unlawful use of a vehicle); *State v. Parras*, 326 Or App 246, 257-58, 531 P3d 711, *rev den*, 371 Or 511 (2023), *rev den*, 372 Or 763 (2024) (upholding the application of ORS 166.270(1) against a defendant with prior felony convictions for manufacture and possession of methamphetamine).

Because our case law establishes that ORS 166.270(1) is capable of constitutional application, defendant's facial

---

[1] ORS 166.270(1) provides:

"Any person who has been convicted of a felony under the law of this state or any other state, or who has been convicted of a felony under the laws of the Government of the United States, who owns or has in the person's possession or under the person's custody or control any firearm commits the crime of felon in possession of a firearm."

The Second Amendment to the United States Constitution provides, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." US Const, Amend II.

[2] The indictment alleged that defendant had previously been convicted in California of second-degree burglary. At trial, the state and the defense stipulated to the fact that defendant had a prior felony conviction for second-degree burglary or robbery from California.

challenge fails as well. *City of Portland v. Sottile*, 336 Or App 741, 744, 561 P3d 1159 (2024), *rev den*, 374 Or 372 (2025) (explaining that to prevail on a facial challenge, a defendant must "establish that no set of circumstances exists under which the law would be valid" (internal quotation marks omitted)). The trial court did not err in denying defendant's demurrer.

Affirmed.