No. 297 April 8, 2026 467

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRENDEN SCOTT SOLLMAN,
*Defendant-Appellant.*

Clackamas County Circuit Court
23CR04416; A183423

Jeffrey S. Jones, Judge.

Submitted March 3, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Erik Blumenthal, Deputy Public Defender, and Nora E. Coon, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Lauren P. Robertson, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from a conviction for one count of felon in possession of a firearm, ORS 166.270(1). On appeal, defendant argues that the felon in possession statute, as applied to him, violates the Second Amendment to the United States Constitution and Article I, section 27, of the Oregon Constitution because his prior felonies were nonviolent felonies. We affirm.

Defendant's argument under the state constitution is unpreserved. Defendant requests plain error review, acknowledging that his argument is foreclosed by *State v. Shelnutt*, 309 Or App 474, 483 P3d 53, *rev den*, 368 Or 206 (2021), but asserting that that case was wrongly decided. We are unconvinced that *Shelnutt* was wrongly decided or that the trial court plainly erred under the Oregon Constitution. Although defendant's federal argument has evolved since we initially addressed the issue in depth, it is foreclosed by our decision in *State v. Parras*, 326 Or App 246, 531 P3d 711 (2023), *rev dismissed as improvidently allowed*, 373 Or 284 (2025). *See also State v. Ivey*, 342 Or App 649, 658, 577 P3d 884, *rev den*, 374 Or 616 (2025) (concluding that "*Parras* [was] both controlling and correct" with respect to the defendant's as-applied Second Amendment challenge).

Affirmed.