350 May 6, 2026 No. 383

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT CHARLES SWARTZ,
*Defendant-Appellant.*

Coos County Circuit Court
24CR26735; A186246

Andrew E. Combs, Judge.

Submitted March 13, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Nora Coon, Deputy Public Defender, and Erik Blumenthal, Deputy Public Defender, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

EGAN, J.

Affirmed.

_____
* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**EGAN, J.**

Defendant appeals a judgment of conviction for one count of felon in possession of a firearm, ORS 166.270. On appeal, in his only assignment of error, defendant challenges the trial court's denial of his motion for judgment of acquittal on the grounds that, as applied here, Oregon's felon-in-possession statute, ORS 166.270, violates Article I, section 27, of the Oregon Constitution and the Second Amendment to the United States Constitution. We affirm.

Defendant contends ORS 166.270 is unconstitutional as applied to him, because, "[a]t most, the historical tradition of both [the United States and Oregon] constitutions might support limited disarmament of persons with violent felonies," but here, "the state convicted defendant for having unlawfully possessed a firearm while having only a single prior, nonviolent felony conviction: unlawful possession of methamphetamine."

Defendant acknowledges that *State v. Parras*, 326 Or App 246, 531 P3d 711 (2023), *rev dismissed as improvidently allowed*, 373 Or 284 (2025), and *State v. Shelnutt*, 309 Or App 474, 483 P3d 53, *rev den*, 368 Or 206 (2021), "foreclose his constitutional arguments." He argues, however, that those cases are "wrongly decided because they failed to address the controlling issues adequately, did not consider all the arguments presented herein, and did not have the benefit of recent changes in the law surrounding the right to bear arms." On the latter point, in particular, defendant points to the United States Supreme Court decision in *United States v. Rahimi*, 602 US 680, 699, 144 S Ct 1889, 219 L Ed 2d 351 (2024).[1]

Having considered the parties' arguments, we agree that defendant's constitutional challenges are foreclosed by *Parras* and *Shelnutt*, and we are not persuaded that our decisions in *Parras* or *Shelnutt* are "plainly wrong." That is a "rigorous standard" that, in our view, defendant

---

[1] We note that defendant preserved his Second Amendment challenge to ORS 166.270, but did not preserve his Article I, section 27 challenge. Regarding the latter, he asks us to review for plain error. But as is evident from our analysis in this opinion, even if defendant had preserved his Article I, section 27 challenge, it would not change the disposition in this case.

has not met. *See State v. Civil*, 283 Or App 395, 417, 388 P3d 1185 (2017) (holding "due regard for *stare decisis* and our predecessors' collegial commitment demands that 'plainly wrong' be a rigorous standard, satisfied only in exceptional circumstances").

In reaching that conclusion, we note that in *United States v. Rahimi*, 602 US 680, 144 S Ct 1889, 219 L Ed 2d 351 (2024), on which defendant relies, the United States Supreme Court explained that under the Second Amendment "prohibitions, like those on the possession of firearms by felons *** are presumptively lawful." *Id.* at 699 (internal quotation marks omitted). And, subsequent to *Rahimi*, in *State v. Ivey*, 342 Or App 649, 577 P3d 884 (2025), *rev den*, 374 Or 616 (2025), we reaffirmed the continuing viability of our analysis *Parras. Ivey*, 342 Or App at 658 (noting "*Parras* is both controlling and correct").

Further, in *Ivey*, we rejected the defendant's as-applied Second Amendment challenge to ORS 166.270, reasoning that the defendant's crime of conviction in that case—unlawful use of a motor vehicle—was "closely analogous to well-established historical offenses including larceny, horse rustling, or trespass to chattels," and as a result, defendant's as-applied challenge failed. *Ivey*, 342 Or App at 658.

On appeal, defendant does not explain why, if even after *Rahimi* as we have interpreted it, a felon can be constitutionally prohibited from owning firearms on the basis of a conviction for unlawful use of a motor vehicle, as we concluded in *Ivey*, he cannot be constitutionally prohibited from owning firearms on the basis of felony possession of methamphetamine. Consequently, we affirm.

Affirmed.