No. 451 May 20, 2026 809

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TYREIK DESHAUN CREDIT,
*Defendant-Appellant.*

Multnomah County Circuit Court
21CR27588; A183967

Thomas M. Ryan, Judge.

Submitted April 21, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erik Blumenthal, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals from a judgment of conviction for felon in possession of a firearm, ORS 166.270(1). Defendant raises two assignments of error in which he challenges the trial court's denial of his motion to dismiss and his motion in arrest of judgment. On appeal, defendant contends that the felon in possession statute, as applied to him, violates Article I, section 27, of the Oregon Constitution and the Second Amendment to the United States Constitution, and argues that the legislature may not disarm persons with prior felony convictions without regard to the nature of those prior felonies. We affirm.

Defendant's argument under the Second Amendment is preserved. Defendant's argument under the state constitution, however, is unpreserved. Although defendant cited Article I, section 27, below, it was in the context of an argument about the statute being overbroad and appears to have been a facial challenge to the statute. On appeal, defendant makes an as-applied argument, which is a fundamentally different one. *See State v. Bordeaux*, 323 Or App 60, 71-72, 522 P3d 900 (2022), *rev den*, 371 Or 60 (2023) (the defendant's argument on appeal not preserved when it was a distinctly different issue from the one raised to trial court and purposes of preservation were not served). Nevertheless, had defendant preserved his argument, we would still affirm.

Defendant acknowledges that *State v. Shelnutt*, 309 Or App 474, 483 P3d 53, *rev den*, 368 Or 206 (2021), and *State v. Parras*, 326 Or App 246, 531 P3d 711 (2023), *rev dismissed as improvidently allowed*, 373 Or 284 (2025) foreclose his arguments; however, he contends that those cases were wrongly decided. We are unconvinced that *Shelnutt* and *Parras* were wrongly decided; they control here.[1] *See also State v. Ivey*, 342 Or App 649, 658, 577 P3d 884, *rev den*, 374 Or 616 (2025) (concluding that "*Parras* [was] both controlling and correct" with respect to the defendant's as-applied Second Amendment challenge). To the extent that defendant makes a novel argument that he was a juvenile when

---

[1] Defendant does not seek plain error review; however, we note that under our case law, the trial court did not plainly err here.

he committed his prior felony and that "[i]mposing the same ban on him as would be applied to an adult runs contrary to traditional understandings that the law punishes juveniles less severely than adults," that argument is undeveloped, and we reject it. *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to on recons*, 187 Or App 472, 68 P3d 259 (2003) (it is not the appellate court's "function to make or develop a party's argument when that party has not endeavored to do so itself").

Affirmed.